UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

ANTHONY ROMANO, 00-A-5352,

        Plaintiff,

   -v-

KEVIN ULRICH, C.O., JOSEPH CIANCI, C.O.,
GARY COVIELLO, C.O., DANIEL LEONARD, C.O.,
ROY BELL, C.O., GREGORY CARNEY, C.O.,

        Defendants.

___

**DECISION AND ORDER**
13-CV-633F



    Plaintiff, who was incarcerated in the Attica Correctional Facility at the time of the events alleged in the complaint and who is now in the Great Meadow Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted.

    The caption to the form civil rights complaint used by plaintiff identifies six defendant corrections officers: Kevin Ulrich, Joseph Cianci, Gary Coviello, Daniel Leonard, Roy Bell and Gregory Carney. (Docket No. 1, p. 1 at § 1(B)). The docket report for this action accordingly lists those six individuals as the defendants. However, plaintiff's statement of the Defendant's Information on the form complaint (Docket No. 1, p. 2), which lists Ulrich, Cianci and Coviello, is

continued on a hand-written attachment to the complaint (Docket No. 1, pp. 8-10), which identifies, in addition to corrections officers Leonard, Bell and Carney (*i.e.*, the three other defendants identified in the caption of the complaint), five additional corrections officer defendants: Jeffrey Hazard, Brian Feeney, Jeffrey Lacapruccia, Jeffrey Miller and Mark Cunningham, thus making a total of eleven defendants. While defendant refers confusingly to the defendants collectively as "all 10" (rather than "all 11") officers in the statement of his claims (Docket No. 1, p. 5 (First Claim), p. 6 (Second Claim)), and mentions only six defendants by name in his first claim, two additional pages attached to the complaint summarizing the claims identify the other five corrections officers as defendants to both claims. (Docket No. 1, pp. 11, 12). In addition, plaintiff's motion to proceed *in forma pauperis* lists all eleven corrections officers as defendants, as does the Civil Cover Sheet plaintiff submitted at the time he commenced this action. Accordingly, the Court will direct the Clerk of the Court to add Jeffrey Hazard, Brian Feeney, Jeffrey Lacapruccia, Jeffrey Miller and Mark Cunningham as defendants to this action.

Plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria. Plaintiff's claims, which allege that he was subjected to physical assaults by the defendants, will be allowed to proceed.

Plaintiff has also moved for the appointment of counsel (Docket No. 3). A more fully developed record will be necessary before the Court can determine

2

whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

In addition, the Court finds that reassignment of this action to the Honorable Hugh B. Scott is in keeping with the Court's policy of assigning all cases brought by a particular plaintiff to the judge who was randomly assigned to the plaintiff's first action in this Court.[1] Accordingly, the Court will direct that this action be reassigned to United States Magistrate Judge Scott.

## ORDER

IT HEREBY IS ORDERED, that this action is reassigned to the Honorable Hugh B. Scott;

FURTHER, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of the Court is directed to add Jeffrey Hazard, Brian Feeney, Jeffrey Lacapruccia, Jeffrey Miller and Mark Cunningham as defendants to the caption of this action;

---

[1] Plaintiff's first action filed in this Court–*Romano v. C.O. Officers, et al.*, 13-CV-392Sc–was assigned to Judge Scott.

FURTHER, that plaintiff's motion for the appointment of counsel is denied without prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.[2]

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 14, 2013

---

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.