UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY ROMANO,

                Plaintiff,

                              **Hon. Hugh B. Scott**

                              13CV633W

              v.

                              **Order**

KEVIN ULRICH, et al.,

                Defendants.

Before the Court is defendants' submission of their personnel records for in camera inspection by this Court (see Docket No. 42; see also Docket No. 34, Pl. Motion to Compel). This Court ordered defendants to submit their personnel records for in camera inspection to determine which items (if any) would be produced to plaintiff (Docket No. 45), with the records marked with Bates numbering for better identification of individual items. Following assignment of this case to Judge Elizabeth Wolford (Docket No. 36), this case was referred by Judge Wolford for pretrial proceedings (Docket No. 38).

While this motion is pending, plaintiff's pro bono counsel orally moved to withdraw and that request was granted (Docket No. 52). Plaintiff later moved again (cf. Docket Nos. 3, 11, motions; Docket Nos. 4, Order denying appointment, 12, 21-22, Order granting appointments) for appointment of new pro bono counsel (Docket No. 55). This Order also considers this motion. Later, while this motion was pending, defendants moved for summary judgment (Docket No. 56); that motion is pending before Judge Wolford.

BACKGROUND

This is an inmate's civil rights action (commenced originally pro se). Plaintiff here alleges that, on February 17, 2011, eleven corrections officers at Attica Correctional Facility took turns assaulting him (see Docket No. 1, Compl.; Docket No. 4, Order of Oct. 15, 2013, at 1-2).

After appointing counsel for plaintiff (Docket No. 20), plaintiff served his First Request for Production of Documents, with one request seeking "all documents relating to each Defendant's employment history with DOCCS, including, without limitation, complete employment and/or personnel files, resumes, qualifications, drug tests, as well as all documents relating to each Defendant's disciplinary record, training, activities, and/or position history while employed by DOCCS," (Docket No. 34, Ex. A, Request No. 6). Some of these personnel files have a covering notice that "the attached documentation contains personal identifying information on a Department of Corrections and Community Supervision employee and is intended only for the official use of the individual or entity to whom it is addressed. Any unauthorized disclosure, dissemination, distribution or copying of this documentation is strictly prohibited. This documentation must be secured from inmate access" (e.g., Bates Personnel No. 000437).

Plaintiff's counsel later moved to withdraw, which was granted (Docket No. 52). Plaintiff then moved for appointment of new pro bono counsel (Docket No. 55).

To date, this Court received and reviewed nine[1] of the eleven defendants' personnel records.

---

[1] Defendants Jeffrey Hazard, Brian Feeney, Jeffrey Lacapruccia, Kevin Ulrich, Joseph Cinaci, Rory Bell, Gregory Carney, Jeffrey Miller, and Mark Cunningham.

2

DISCUSSION

I.    Discovery

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Similarly, under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith

3

conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c). Under Rule 26(c), the Court has power to protect against abuses in discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). This Court has broad discretion in issuing such a protective order. Seattle Times, supra, 467 U.S. at 36.

Defendants here essentially seek a protective Order as to what (if anything) they need to produce from their respective personnel files, seeking a determination of items from those files that are relevant to this action and (implicitly) the manner for any production that is ordered. After completing in camera review, certain classes of documents within each defendant's personnel file are relevant to this action and should be produced to plaintiff's counsel. Some of those documents include probationary and training evaluations of defendants, memoranda acknowledging their receipt of the employees' manual or familiarity with facility's features. Attached to this Order is a **spreadsheet listing particular Bates number pages** that ought to be produced if plaintiff had counsel. Also reviewed, but deemed not relevant in this case are the assignment memoranda, data forms (where employees disclosed addresses, contact information and the like), copies of photo identification cards, pension benefit forms, and firearm permit applications. Documents that postdate the February 2011 incident also generally were deemed irrelevant. Defendants should produce these documents that contain information that is to be redacted consistent with Federal Rule of Civil Procedure 5.2(a) as necessary to delete references to Social Security numbers, birth dates, financial account numbers, and (if identified) minor's

4

names. This pattern of disclosure can inform defendants as to the two defendants' (Gary Coviello and Daniel Leonard) personnel records that were not provided for in camera inspection.

Ideally, this production should be **plaintiff's attorneys' eyes only** out of respect for defendants (and DOCCS's) concern about disseminating sensitive personnel information of corrections staff to an inmate, **without prejudice** to plaintiff (through counsel) raising objections to this limitation. A problem arises, however, that with plaintiff currently proceeding pro se and this Court has yet to act on plaintiff's renewed motion for appointment of pro bono counsel (Docket No. 55, discussed below), the personnel records plaintiff seeks would have to go directly to him, raising the security concerns defendants made in seeking in camera inspection before any records are produced to an inmate. Therefore, absent appointment of new pro bono counsel, plaintiff's motion to compel production of these personnel records is **denied in part**; actual production of documents (even with redactions noted above for producing to counsel) to plaintiff **is denied**, but defendants will produce to plaintiff a privilege log (based initially on the Bates numbered documents listed on the attached spreadsheet, and like documents in these personnel files), identifying documents that would have been produced to counsel under the terms of this Order so plaintiff learns of the existence of that document.

II. Re-Appointment of Pro Bono Counsel

Plaintiff renews (see Docket Nos. 3, 11) his application for appointment of pro bono counsel (Docket No. 55). This Court has found two firms to represent plaintiff, but one attorney learned of a conflict and a breakdown in attorney-client communication with the second firm led to plaintiff's renewed application (see Docket Nos. 52, 54).

5

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit," Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). As noted by Magistrate Judge Payson of this Court, "the Court must consider the issue of appointment [pro bono of counsel] carefully, of course, because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause,'" Pagan v. Sheppard, No. 13CV6150, 2013 U.S. Dist. LEXIS 145367, at *3 (W.D.N.Y. Oct. 3, 2013) (Payson, Mag. J.) (quoting Cooper, supra, 877 F.2d at 172). Also this very Court has observed that

> "there is a cost to the Court in expended good will with the bar in using multiple appointments of counsel on a single case, especially appointment for a difficult litigant. Finding attorneys to accept these cases, cf. [Fed. R. Civ. P. 83.1(g)], is difficult and, having been handled by other counsel, makes the case more difficult to reassign,"

Ashcroft v. Department of Corr., No. 05CV488, 2008 U.S. Dist. LEXIS 7624, at *12-13 (W.D.N.Y. Sept. 18, 2008) (Scott, Mag. J.). It is a "wasteful expenditure of scarce resources," Smolen v. Corcoran, No. 10CV6040, 2013 U.S. Dist. LEXIS 113302 (W.D.N.Y. Aug. 12, 2013)

(Telesca, J.), to have multiple appointments of pro bono counsel for the same litigant, see Ashcroft, supra, 2008 U.S. Dist. LEXIS 7624, at *12-13.

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**. While plaintiff's circumstances makes self-representation difficult, his behavior with appointed counsel makes expending the scarce resource of volunteer attorney time problematic. This case is at the end of the discovery stage, ordinarily a stage where counsel's assistance is less critical. But in this case, the personnel records sought by plaintiff would have been provided through counsel (to meet defense security concerns). While these items (training records and employee evaluations) would have been discoverable through attorneys' eyes only, this Court finds that the materials reviewed in camera discussed above may be of minimal assistance to plaintiff and appointment of new counsel at this time **is not warranted**. Plaintiff would be provided a privilege log from defendants, and he can argue about production to him directly of those items. Therefore, the absence of appointed counsel at this time would not prejudice him. Factually, this case differs from Ashcroft, supra, wherein this Court appointed a new attorney for the plaintiff; there, the issue was plaintiff's access to court was solely through counsel and his condition and situation were such that the only access that plaintiff had was through appointed counsel and his condition and situation were such that the only access that plaintiff had was through appointed counsel, id. at *1-2, 4 (plaintiff was allegedly blind and sensitive to light, such that wraparound sunglasses and other equipment were ordered for plaintiff in order for him to attend telephone conferences with the Court). Also, in

Ashcroft, new counsel was readily found, see id. at *15. His renewed request is **denied at this time**.

CONCLUSION

For the reasons stated above and based upon this Court's in camera review, so much of plaintiff's motion to compel (Docket No. 34; see Docket No. 42) seeking the pages identified from defendants' reviewed personnel files would be produced to plaintiff's counsel redacted as necessary under Rule 5.2(a); these items are produced for **attorneys' eyes only**. Absent counsel, however, plaintiff's motion to produce is **denied in part**. Instead of production of these documents directly to plaintiff while an inmate, defendants shall produce a **privilege log** identifying the documents listed by Bates number in the attachment to this Order and like documents from the defendants' personnel files.

Defense counsel shall contact Chambers and **arrange for retrieval of the in camera files** from Chambers. Unless their personnel files contain items not seen in the first nine defendants' files, the files of defendants Coviello and Leonard **need not be produced for in camera inspection**; defendants, however, shall include items from those files that should be revealed in the privilege log for other defendants' personnel files. If, however, defendants are unsure which documents from Coviello and Leonard's files need to be listed in the privilege log, they may submit those files for in camera inspection.

Plaintiff's renewed motion for appointment of pro bono counsel (Docket No. 55) is **denied**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 22, 2016

Attach.: spreadsheet of Bates numbered pages that ought to be produced

| | A | B |
|---|---|---|
| 1 | Bates No. Personnel 000 | |
| 2 | 1 | |
| 3 | 2-10 | |
| 4 | 11-17 | |
| 5 | 18 | |
| 6 | 20-22 | |
| 7 | 23-36, 129-45 | |
| 8 | 39, 148 | |
| 9 | 50 | |
| 10 | 52-54, 161-63 | |
| 11 | 60-64 | |
| 12 | 66 | |
| 13 | 67 | |
| 14 | 72 | |
| 15 | 75 | |
| 16 | 86-89 | |
| 17 | 90-91 | |
| 18 | 94-97 | |
| 19 | 98-101 | |
| 20 | 102-05 | |
| 21 | 106-08 | |
| 22 | 109-19 | |
| 23 | 120-26 | |
| 24 | 127 | |
| 25 | | |
| 26 | 193-203 | |
| 27 | 204-05 | |
| 28 | 206-07 | |
| 29 | 208-09 | |
| 30 | 210-11 | |
| 31 | 212-13 | |
| 32 | 214-15 | |
| 33 | 236-37 | |
| 34 | 240 | |
| 35 | 246 | |
| 36 | 255, 273 | |
| 37 | 270 | |
| 38 | | |
| 39 | 278-79 | |
| 40 | 302-03 | |
| 41 | 304-06 | |
| 42 | 308-15 | |
| 43 | 316-18 | |
| 44 | 319-26 | |
| 45 | 328 | |
| 46 | 329 | |
| 47 | 330-47 | |
| 48 | 348-49 | |
| 49 | 353 | |
| 50 | 357 | |
| 51 | 358 | |
| 52 | 361-62 | |
| 53 | 366 | |
| 54 | 368 | |
| 55 | 374 | |
| 56 | 415-16 | |
| 57 | 418 | |
| 58 | 419-34 | |
| 59 | | |
| 60 | 437 | |
| 61 | 453 | |
| 62 | 454 | |
| 63 | 455 | |
| 64 | 456-61 | |
| 65 | 463-92 | |
| 66 | 500-03 | |
| 67 | | |
| 68 | 544 | |
| 69 | 547 | |
| 70 | 553 | |
| 71 | 567 | |
| 72 | 569 | |
| 73 | 579-608 | |
| 74 | 609-16 | |
| 75 | | |
| 76 | 642 | |
| 77 | 651-52 | |
| 78 | 656 | |
| 79 | 665-66 | |
| 80 | 676 | |
| 81 | 678-79 | |
| 82 | 689 | |
| 83 | 694 | |
| 84 | 697 | |
| 85 | 714-38 | |
| 86 | 754 | |
| 87 | | |
| 88 | 762 | |
| 89 | 765 | |
| 90 | 779-80 | |
| 91 | 790 | |
| 92 | 799-800 | |
| 93 | 803 | |
| 94 | 807 | |
| 95 | 808 | |
| 96 | 809 | |
| 97 | 814-45 | |
| 98 | 846-52 | |
| 99 | 879 | |

10