UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO,

      Plaintiff,

v.                                                        13-CV-633 (JLS)(MJR)

KEVIN ULRICH, C.O., JOSEPH
CIANCI, C.O., GARY COVIELLO, C.O.,
DANIEL LEONARD, C.O., ROY BELL,
C.O., GREGORY CARNEY, C.O.,
JEFFREY HAZARD, BRIAN FEENEY,
JEFFREY LACAPRUCCIA, JEFFREY
MILLER, and MARK CUNNINGHAM,

      Defendants.
_____

### DECISION AND ORDER

Before the Court is Defendants' Motion to Compel and/or for Sanctions. *See* Dkt. 138. Defendants assert that Plaintiff Anthony Romano failed to appear for his deposition, which was scheduled for June 14, 2023, despite this Court's order that the deposition be completed by June 30, 2023. *See* Dkt. 138-1. Defendants "request that the Court issue an order directing that Plaintiff appear for his deposition by a date certain or his complaint will be dismissed with prejudice." *Id.* ¶ 10.

Plaintiff's counsel confirms that "Defendants scheduled [Romano's] deposition for June 14, 2023" and arranged for Romano "to be deposed via video from Attica Correctional Facility." Dkt. 140 ¶ 5. However, "[m]inutes after" the parties "were scheduled to begin, the court reporter received an email from Attica" indicating that Romano "refused to attend the deposition." *Id.* ¶ 7. Romano "later wrote to the

Court indicating that he missed his deposition because he had 'chest pains' and was in Attica's 'emergency room.'" *Id.* ¶ 9. Plaintiff's counsel "do[es] not know whether this is true" and was "only told that Mr. Romano refused to attend." *Id.* ¶ 10. Nevertheless, counsel requests that the Court afford Romano "another opportunity to appear for a deposition" given that "this case has been pending for a decade" and the claims are serious in nature. *Id.* ¶ 11.

The Federal Rules of Civil Procedure "give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). A district court "may dismiss an action if a party fails to attend a deposition of that party." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citing Fed. R. Civ. P. 37(d)). In the *pro se* context, "dismissal with prejudice may be imposed" only after "a warning has been given that noncompliance can result in dismissal." *Musgrave v. Wolf*, 136 F. App'x 422, 424 (2d Cir. 2005) (internal citation omitted).

Here, Romano has the benefit of *pro bono* counsel. Nevertheless, the Court, in its discretion, will afford Romano another opportunity to complete his deposition. As such, the Court ORDERS that Romano's deposition shall be completed by July 21, 2023. Romano is hereby warned that if he fails to appear for and complete his deposition on the date and at the time noticed by Defendants, this action will be

2

dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). This deposition must be completed by July 21, 2023.

SO ORDERED.

Dated:   June 26, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE