

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY ROMANO,

    Plaintiff,

v.                                            13-CV-633 (JLS)(MJR)

KEVIN ULRICH, JOSEPH CIANCI,
GARY COVIELLO, DANIEL
LEONARD, ROY BELL, GREGORY
CARNEY, JEFFREY HAZARD, BRIAN
FEENEY, JEFFREY LACAPRUCCIA,
JEFFREY MILLER, and MARK
CUNNINGHAM,

    Defendants.

---

## DECISION AND ORDER

Before the Court are the parties' motions for summary judgment. *See* Dkt. 151 (Defendants); Dkt. 160 (Plaintiff). For the reasons discussed below, both motions are DENIED.

## BACKGROUND

Plaintiff, a prisoner, commenced this action on June 17, 2013. Dkt. 1. He asserts claims pursuant to 42 U.S.C. § 1983 against multiple corrections officers based on an incident that allegedly occurred on February 17, 2011. *See id.* According to Plaintiff, Defendants stomped, kicked, and punched him following an altercation between Plaintiff and another inmate. *See id.* He believes this amounted to cruel and unusual punishment in violation of his Eighth Amendment rights. *See id.*

Defendants moved for summary judgment on October 26, 2023. Dkt. 151.[1] Plaintiff's motion followed on December 18, 2023. Dkt. 160. After Defendants filed their motion, Plaintiff filed various additional submissions. *See* Dkt. 155, 157, 162. But Defendant filed nothing further. Briefing on both motions is now complete.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment "is appropriate when, viewing the evidence favorably to the non-movant, there is no genuine issue of material fact and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Wiggins v. Griffin*, 86 F.4th 987, 992 (2d Cir. 2023) (citing Fed. R. Civ. P. 56(a)). A "genuine issue exists—and summary judgment is therefore improper—where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Id.* (internal citation omitted). At summary judgment, "the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact." *B Five Studio LLP v. Great Am. Ins. Co.*, 414 F. Supp. 3d 337, 339 (E.D.N.Y. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the "movant meets that burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial." *Id.* (citing Fed. R. Civ. P. 56(c)). The Court "is to view all such facts in the light most favorable

---

[1] Defendants filed an amended memorandum in support of their motion the next day. Dkt. 152.

to the non-movant, drawing all reasonable inferences in its favor." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

### B. Section 1983 and the Eighth Amendment

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The "conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994)). Further, "liability under § 1983 requires a defendant's personal involvement in the alleged deprivation of a federal right." *Wierzbic v. Howard*, 331 F.R.D. 32, 52 (W.D.N.Y. 2019), *aff'd*, 836 F. App'x 31 (2d Cir. 2020).

The "Eighth Amendment protects prison inmates against cruel and unusual punishment." *Delee v. Hannigan*, 729 F. App'x 25, 29 (2d Cir. 2018) (citing U.S. Const. amend. VIII). To be actionable, "the punishment must be 'objectively, sufficiently serious,' and the corrections officer must have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants make two arguments in support of their motion. Both lack merit. First, Defendants argue that Plaintiff "cannot prove the personal involvement of

3

any of the Defendants in the Constitutional violation." Dkt. 152 at 7.[2] According to Defendants, "in light of *Tangreti*," Plaintiff "cannot, as a matter of law, establish direct action by each Defendant in the alleged constitutional violation." *Id.* at 8.[3]

Defendants admit that Plaintiff has "testified that all eleven defendants assaulted him at once, first by kicking and stomping him after the fight while he was on the ground on the third floor of A Block, and then by repeatedly punching him in the face on the first floor of A Block prior to him being escorted to the medical department." Dkt. 152 at 9.[4] But they argue that this is "the kind of lumping together of defendants that courts in this District have said is insufficient to establish personal involvement." *Id.*

This Court disagrees. Indeed, as a "corollary to the personal-involvement rule, complaints that rely on 'group pleading' and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Johnson v. City of New York*, No. 1:15-CV-8195-GHW, 2017 WL 2312924, at

---

[2] Defendants "concede that the issue of personal involvement is usually a fact issue left to the trier of fact to decide." *Id.* at 9.

[3] Under *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020), in order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability."

[4] Defendants submitted a copy of the deposition transcripts, which reveals that, when asked what happened on the day in question, Plaintiff testified "all these cops came. They beat me up on—on the company. That was three company. All right. And when they beat me up, I think it was fifteen cell. I'm not sure. They put handcuffs on me, backing me. Okay. They—they beat me up, you know, kick me, stomped me on the floor. All right. Stomped me, kicking me, punching me, stomped me on the floor, dragged me up with the handcuffs . . . ." Dkt. 51-2 at 18.

4

*10 (S.D.N.Y. May 26, 2017) (internal citation omitted). As the Second Circuit has explained, by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," a Plaintiff fails to "give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citing Fed. R. Civ. P. 8). In *Atuahene*, the Court affirmed dismissal where the plaintiff had alleged "a host of constitutional and state common law claims" but "failed to differentiate among the defendants, alleging instead violations by 'the defendants,' and failed to identify any factual basis for the legal claims made." *Id.* at 34.

Here, by contrast, Plaintiff seeks relief on the singular basis that the February 17, 2011 incident constituted a violation of his Eighth Amendment rights. And he testified that each Defendant participated in the alleged incident by "stomp[ing]" him, "kicking" him, and "punching" him. *See* Dkt. 51-2 at 18. Nothing "in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Ausco Prod., Inc. v. Axle, Inc.*, No. 6:19-CV-06798 EAW, 2020 WL 7028521, at *2 (W.D.N.Y. Nov. 30, 2020) (internal citation omitted).

*Foskey v. Northrup*, No. 920CV0504LEKTWD, 2021 WL 1146217, at *3 (N.D.N.Y. Mar. 25, 2021) is noteworthy here. In that case, the court rejected Corrections Officers' argument that "Plaintiff's Eighth Amendment claim is inadequately pled, as it is asserted against all twelve (12) to twenty-one (21) Defendants without differentiation between them, and without offering any

5

supporting factual detail, whatsoever, as to which Defendant allegedly did what," because "in context, Plaintiff's allegations are sufficient to provide each defendant with adequate notice: he plainly alleges that each named defendant punched, slapped, kicked, and pepper-sprayed Plaintiff, then threw Plaintiff, bloody, covered in pepper spray, and injured, in a van, while laughing at Plaintiff." *Id.* (internal citations omitted). *See also De Michele v. City of New York,* No. 09 CIV. 9334 PGG, 2012 WL 4354763, at *17 (S.D.N.Y. Sept. 24, 2012) ("Although [Plaintiff] cannot say for certain which officers allegedly assaulted him and in what way, Plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene") (internal citation omitted). In short, because Plaintiff has provided Defendants with adequate notice of his claims and the grounds upon which they rest, dismissal based on "lumping" or "group pleading" is not warranted.

Second, Defendants argue that there is "no credible evidence that the events alleged by Plaintiff ever occurred and that Plaintiff's assertions should not be credited by this Court." Dkt. 152 at 12. Defendants rely on *Jeffries v. City of New York,* 426 F. 3d 549, 554 (2d Cir. 2005), which held that, "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," the Court may appropriately conclude, at the summary judgment stage, that no reasonable jury would credit the Plaintiff's testimony. 426 F.3d at 554.

Here, Plaintiff's testimony is not wholly and directly contradictory. In particular, Plaintiff has always maintained that the incident on February 17, 2011

6

amounted to a violation of his Constitutional rights, and that multiple Corrections Officers played a role in that violation. The *Jeffries* exception does not apply.

In sum, because Defendants have not met their initial burden, *see Celotex Corp.*, 477 U.S. at 323, their motion for summary judgment is DENIED.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Court has reviewed Plaintiff's motion (Dkt. 160) and concludes that Plaintiff has not, on this record, demonstrated the absence of a genuine dispute of material fact and that he is entitled to judgement as a matter of law. Plaintiff's motion, therefore, is DENIED. *See Glendora v. Marshall*, 947 F. Supp. 707, 719 (S.D.N.Y. 1996), *aff'd*, 129 F.3d 113 (2d Cir. 1997) ("The substantive burdens of Rule 56 . . . apply to *pro se* Plaintiffs").

### CONCLUSION

For the reasons discussed above, the parties' motions for summary judgment (Dkt. 151, 160) are DENIED.

SO ORDERED.

Dated:   January 25, 2024
         Buffalo, New York

                                          _____
                                          JOHN L. SINATRA, JR.
                                          UNITED STATES DISTRICT JUDGE